UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SURINDER and LINDA SROA,　　　　　　　　　　　　　　　　No. 11-10078

　　　　　　　　Debtor(s).
_____/

Memorandum re Plan Confirmation
_____

　　　　Debtors Surinder and Linda Sroa filed their Chapter 11 petition on January 11, 2011. Their plan of reorganization is now before the court. Creditor Marin Mortgage Bankers Corp. objects to its treatment under the plan and seeks to be treated as fully secured notwithstanding the value of its collateral. The Sroas argue that Marin Mortgage is not entitled to elect such treatment.

　　　　Marin Mortgage is owed about $1 million. It has deeds of trust to two San Rafael properties owned by the Sroas, 70 4th Street and 1310 Lincoln. The value of the latter does not exceed the senior lien. The dispute here is over 704 4th Street, which the Sroas argue is also over-encumbered, leaving Marin Mortgage wholly unsecured pursuant to § 506(a) of the Bankruptcy Code. Marin Mortgage argues that while it is undersecured, it is not unsecured.

　　　　Section 1111(b) of the Bankruptcy Code offers a secured creditor a way out of being crammed down under § 506(a). If the creditor elects, it has no unsecured claim but its secured claim remains a lien on the property no matter what the property is worth. However, the right to make the election is denied to a creditor by § 1111(b)(1)(B)(i) if its interest in the property is of "inconsequential value."

Generally, this means that a creditor cannot make the election if the total of liens senior to the creditor's lien is greater than the value of the property. *In re O'Leary,* 183 B.R. 338, 341 (Bkrtcy.D.Mass.1995), and cases therein cited; *In re Cimino Brokerage Co.*, 2010 WL 5053963 (Bkrtcy.N.D.Cal. 2010).

Fixing a value for the property is problematical. According to Marin Mortgage's expert appraiser, 704 4th Street is worth $950,000.00, or at least $910,000.00. An older appraisal by one of the Sroas' experts valued the property at $830,000.00, though she now fixes the value at $750,000.00. The Sroas scheduled the property ten months ago in their bankruptcy papers as having a value of $791,000.00. They have offered the testimony of yet another expert that the present value is $650,000.00.

Weighing the testimony is not an easy matter. However, taking all the factors into account including the facts that the debtors intend to keep operating a restaurant on the property through a related entity and that Marin Mortgage would receive essentially nothing under the Sroas' plan if it is treated as an unsecured creditor, the court finds that the property is worth about $800,000.00. Since the total of the senior liens on the property is about $765,000.00, Marin Mortgage has an interest in the property which the court characterizes as thin but not inconsequential.[1]

The purpose of the § 1111(b) election is to allow an undersecured creditor the opportunity to capture future appreciation in the value of its collateral. *In re Tuma,* 916 F.2d 488, 491 (9th Cir. 1990). Given the fluctuating values for commercial property in San Rafael and the draconian treatment Marin Mortgage would receive as an unsecured creditor, its election makes perfect sense and is fully consistent with the intent of the statute.

For the foregoing reasons, the court will confirm the plan only if Marin Mortgage is treated as fully secured in accordance with its election. Counsel for Sroas shall submit a form of order

---

[1] Hypothetical costs of sale are not considered when making this determination. *In re Freudenheim*, 189 B.R. 279, 280 (Bkrtcy.W.D.N.Y.1995).

2

confirming the plan which so provides and which counsel for Marin Mortgage has approved as to form, unless the Sroas elect to withdraw their plan from consideration.

Dated: November 16, 2011

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge